8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward OCHMAN, as Trustee for Ann Ochman & as Trustee for
Lynn Trudeau; Edward Ochman Systems, a
Connecticut corporation; Ann Ochman, et
al., Plaintiffs-Appellants,
v.
FREEDOM FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant,
and
Federal Deposit Insurance Corporation, as Manager of the
FSLIC Resolution Fund, as successor to the Federal
Savings and Loan Insurance Corporation,
in its Corporate capacity,
Defendant-Appellee.
 No. 91-36107.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided Oct. 5, 1993.
 
 Before: TANG, POOLE, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Ochmans appeal the district court's grant of the FSLIC's Motion to Dismiss, or in the Alternative for Summary Judgment.[1] Affirming an administrative determination by the FSLIC, the district court concluded that the FSLIC's denial of the Ochmans' deposit insurance claims--for two trust accounts, designated individually "Edward Ochman in Trust for Lynn Trudeau" and "Edward Ochman in Trust for Ann Ochman"--was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See 5 U.S.C. § 701 et. seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
 
 
 3
 The district court adopted the "arbitrary and capricious" standard of the Administrative Procedure Act to guide its review of the determination by the FSLIC that the two accounts at issue were not fully insured.[2] On appeal, the Ochmans initially argue that Coit Independence Joint Venture v. FSLIC, 489 U.S. 561 (1989) and Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209 (9th Cir.1987), cert. dismissed sub nom. FSLIC v. Stevenson Assoc., 488 U.S. 935 (1988) dictate that federal courts should review FSLIC deposit insurance decisions de novo.
 
 
 4
 We need not decide whether the district court used the proper standard of review; even assuming that the more deferential arbitrary and capricious standard was correctly applied, we conclude the district court erred in granting the FSLIC's Motion to Dismiss, or in the Alternative, for Summary Judgment. Oregon Revised Statute § 708.611(3) provides in relevant part that:
 
 
 5
 [u]nless a contrary intent is manifested by the terms of the account or the deposit agreement or there is other clear and convincing evidence of an irrevocable trust, a trust account belongs beneficially to the trustee during the lifetime of the trustee.
 
 
 6
 The Ochmans contend that the FSLIC and the district court improperly ignored language on the executed sides of the signature cards which clearly manifested the Ochmans' intent to create irrevocable trusts. Noting that Edward Ochman did not execute the side of each signature card entitled "Discretionary Revocable Trust Agreement," the Ochmans argue that the untitled executed side, stating "any funds placed in or added to this account by the undersigned ... shall be conclusively intended to be a gift and delivery at that time of such funds to the trust estate," was clear and convincing evidence of irrevocability.
 
 
 7
 The Ochmans' argument has merit. The district court, while conceding that Edward Ochman "did not sign the Discretionary Revocable Trust Agreement on the reverse," held that "in the absence of any express language specifying the type of trust on the side signed by Mr. Ochman, the court cannot say that the existing language is clear and convincing evidence that overcomes the statutory presumption that the trust is revocable." However, the district court did not acknowledge the "conclusively intended to be a gift" provision on the front of the signature cards. This language is clear and convincing evidence of the executor's intent to establish an irrevocable trust. Under Oregon law, the two Ochman accounts are written, irrevocable trusts, and thus insured separately by the FSLIC. Accordingly, we reverse.
 
 
 8
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ochmans filed their complaint on September 12, 1988. On August 9, 1989, Congress passed the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). 12 U.S.C. §§ 1811 et. seq. Under Title IV of FIRREA, the FDIC succeeded to all rights, privileges, and obligations of the FSLIC. Consequently, neither the FSLIC nor the statutes and regulations upon which this case is based are in existence any longer. This memorandum cites pre-FIRREA versions of the relevant statutes and regulations and refers to the defendant as "the FSLIC."
 
 
 [2]
 FIRREA provides that judicial review of FDIC final insurance determinations must be conducted in accordance with the provisions of the Administrative Procedure Act if the FDIC promulgates procedures for the resolution of such claims. See 12 U.S.C. § 1821(f)(3)(A), (f)(4). The FSLIC concedes that FIRREA does not apply retroactively to claims decided by the FSLIC prior to its enactment